**Nora Y. Kaprielian (SBN 316348)**
POLSINELLI LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone: 310-556-1801
Facsimile: 310-556-1802
Email:   nkaprielian@polsinelli.com

Attorneys for Defendant
EXETER FINANCE LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH PICKETT, JR., <br><br> Plaintiff, <br><br> v. <br><br> EXETER FINANCE LLC, <br><br> Defendant, | **Case No.** <br><br> [Los Angeles Superior Court Case No.20NWCV00462] <br><br> **DEFENDANT EXETER FINANCE LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441, AND 1446** <br><br> Complaint Filed: August 20, 2020 <br> Trial Date:          None Set |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**:

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant Exeter Finance LLC ("Defendant") hereby removes the above-referenced action from the Superior Court of the State of California for the County of Los Angeles (the "State Court") to the United States District Court for the Central District of California, Western Division on the following grounds:

/ / /

/ / /

## STATEMENT OF JURISDICTION

This Court has original jurisdiction over this action based on: (1) federal question jurisdiction under 28 U.S.C. § 1331 because it arises under the laws of the United States; and (2) diversity jurisdiction under 28 U.S.C. § 1332 because Defendant is now, and was at the time this action commenced, diverse in citizenship from Plaintiff, and the amount in controversy exceeds $75,000.

This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is being filed within 30 days of the date Defendant was served with the Summons and Complaint.

## THE STATE COURT ACTION

On or about August 20, 2020, Plaintiff Ralph Pickett, Jr. ("Plaintiff") filed a Complaint in the Superior Court of the State of California in and for the County of Los Angeles against Defendant entitled *Ralph Pickett, Jr. v. Exeter Finance LLC*, Case No.: 20NWCV00462 (hereinafter the "Complaint" in the "State Court Action").  Attached hereto as **Exhibit A** is a true and correct copy of the Complaint.

In the Complaint, Plaintiff does not clearly state his alleged causes of action, however, it appears Plaintiff is generally demanding an accounting, alleging fraud, and alleging violations of the Telephone Consumer Protection Action ("TCPA). Specifically, Plaintiff lists the following: breach of contract, tax evasion, fraud, unconscionable contract against public policy, and violation of various provisions of the UCC and USC (specifically, 18 U.S.C. 8, UCC 1-308, UCC 3-419, UCC 3-603, UCC 3-604, UCC 3-302, and Title 15 SEC 5), as well as demands full settlement and closure (discharge) of debt.

On September 2, 2020, Plaintiff served Defendant's registered agent for service of process with the Complaint and the following documents:

**Exhibit B:**   Summons;

**Exhibit C:**   Civil Case Cover Sheet;

**Exhibit D:**   Notice of Case Management Conference;

**Exhibit E:** Civil Case Cover Sheet Addendum and Statement of Location;

**Exhibit F:** Alternative Dispute Resolution (ADR) Information Packet;

**Exhibit G:** Notice of Case Assignment – Unlimited Civil Case;[1] and

**Exhibit H:** Order on Court Fee Waiver.[2]

Defendant is informed and believes that the aforementioned documents and exhibits constitute all of the process, pleadings and orders on file in the State Court Action. *See* 28 U.S.C. § 1446(a).

By filing this Notice of Removal, Defendant does not intend to waive, and hereby reserves, any objections as to venue, the legal sufficiency of claims alleged in the State Court Action Complaint, and all other defenses. Defendant reserves the right to supplement and amend this Notice of Removal.

### PROCEDURAL REQUIREMENTS

Exhibits A – H constitute all process, pleadings, and orders received and obtained by Defendant and/or filed by Plaintiff in the State Court Action.

Pursuant to 28 U.S.C. § 1446(d), Defendant is contemporaneously filing a copy of this Notice of Removal with the Superior Court for the State of California for the County of Los Angeles, and is serving a copy of the same upon Plaintiff.

### FEDERAL QUESTION JURISDICTION EXISTS

The State Court Action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a), because this Court has original jurisdiction under 28 U.S.C. § 1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Here, Plaintiff's Complaint (**Exhibit A**) alleges Defendant violated the Telephone Consumer Protection

---

[1] Plaintiff did not serve this document on Defendant, but it is filed, and on the State Court Action docket.
[2] Plaintiff did not serve this document on Defendant, but it is filed, and on the State Court Action docket.

Act of 1991 (the "TCPA") (47 U.S.C. § 227), and various other federal laws (e.g., 18 U.S.C. 8 and Title 15 SEC 5), making this dispute one of federal question.

Under 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's state law causes of action. Accordingly, the Complaint is removable under federal question jurisdiction. 28 U.S.C. § 1441(a).

## DIVERSITY JURISDICTION EXISTS

The State Court Action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b), because this Court has original jurisdiction under 28 U.S.C. § 1332(a), because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

**1.** *Diversity of Citizenship*

For purposes of diversity jurisdiction, a limited liability company is a citizen of every state of which its members are citizens. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). At the commencement of this action, and at all times herein, Defendant was, and now is, a limited liability company incorporated in Delaware. No members of Defendant are citizens of California.

For diversity purposes, a person is a "citizen" of the state in which they are domiciled. *See Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088 (9th Cir. 1983). According to the Complaint, at the time this action was commenced and at the time of removal, Plaintiff is an individual domiciled in the County of Los Angeles, State of California. (**Exhibit A**, Complaint, p. 2). Accordingly, Plaintiff is a citizen of the State of California for purposes of removal. *See, e.g., Mondragon v. Capital One Auto Finance*, 736 F.3d 880, 885-86 (9th Cir. 2013) (holding that, in connection with removal to federal court, a person's continuing domicile in a state establishes citizenship "unless rebutted with sufficient evidence of change").

Because Defendant is not a citizen of California and Plaintiff is a citizen of California, the parties are diverse for the purposes of 28 U.S.C. § 1332(a).

/ / /

### 2.     *Amount in Controversy*

When determining the amount that a plaintiff has placed in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal citations and alterations omitted)).  A district court may consider the allegations of the complaint and the contents of the removal petition and any supporting evidence in determining whether the jurisdictional amount has been established.  *See Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

While Defendant denies the validity of Plaintiff's claims and requests for relief, it is facially apparent from the Complaint that the amount in controversy, exclusive of interests and costs, exceeds $75,000.00.  Plaintiff's Complaint alleges $71,500 in damages, and seeks to be relieved from his obligation to repay Defendants the remaining $15,154.09 owed on his account. (Exhibit A, p. 20). These amounts equals $86,654.09, which exceeds the jurisdictional minimum.

Because the Parties are diverse and the amount in controversy exceeds $75,000, removal pursuant to 28 U.S.C. § 1332(a) is proper.

### **VENUE IS PROPER IN THE CENTRAL DISTRICT OF CALIFORNIA**

Pursuant to 28 U.S.C. § 1441, the United States District Court for the Central District of California, Western Division is the proper division to where this matter should be assigned because the State Court Action was originally brought in the Los Angeles County Superior Court, which is located within the Central District of California.  Venue is proper with this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

/ / /

/ / /

/ / /

/ / /

**WHEREFORE**, for all of the foregoing reasons, Defendant hereby removes the State Court Action now pending in the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

Dated:     October 2, 2020              POLSINELLI LLP

                                        By: /s/ Nora Kaprielian
                                            Nora Y. Kaprielian

                                        Attorneys for Defendant
                                        EXETER FINANCE LLC