UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:20-cv-09083-SB (AGRx) | Date: | 2/13/2021 |
|---|---|---|---|

| Title: | *Ralph Pickett, Jr. v. Exeter Finance LLC* |
|---|---|

| Present: The Honorable | **STANLEY BLUMENFELD, JR., U.S. District Judge** |
|---|---|

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AS UNOPPOSED [DKT. NO. 13]**

Before the Court is the motion to dismiss filed by Defendant Exeter Finance LLC. (Mot., Dkt. No. 13-1.) Plaintiff Ralph Pickett, Jr., in pro se, has failed to file an opposition. For the reasons below, the Court **GRANTS** the motion.

**I.      DISCUSSION**

Central District Local Rule 7-12 allows the Court to grant motions as unopposed in the event that a party does not respond. C.D. Cal. L.R. 7-12; *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal of unopposed motion to dismiss). Defendant's motion is therefore **GRANTED**.

Plaintiff filed his complaint in Los Angeles County Superior Court on August 20, 2020. (Compl., Dkt. No. 3-1.) Defendant removed the action on October 2, 2020. (Not. of Removal, Dkt. No. 3.) Plaintiff's complaint is difficult to decipher. Plaintiff attaches several exhibits to the civil cover sheet with no explanation. The causes of action alleged in the Complaint are also unclear. As a

result, Defendant's motion devotes significant effort into distilling the complaint. This type of "shotgun pleading" fails to satisfy the Federal Rules of Civil Procedure. *See Salazar v. Cnty. of Orange*, No. SACV 11-1125 AG (MLGx), 2012 WL 12896196, at *2 (C.D. Cal. Mar. 12, 2012).

Defendant asks the Court to dismiss the Complaint with prejudice. (Mot. at 16.) The Ninth Circuit has directed that "[l]eave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts[.]'" *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 112 (9th Cir. 2000) (en banc)); *see also* Fed. R. Civ. P. 15(a). Given the state of the Complaint, the Court cannot determine which claims, if any, can be properly amended. The Court therefore **GRANTS** leave to amend.

Should Plaintiff wish to file an amended complaint, he must comply with the rules, including Rule 8(a). Fed. R. Civ. P. 8(a) (requiring, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief"). Plaintiff also must separate out each claim and supporting allegations as required by Rule 10(b):

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b).

An amended complaint must be filed by **March 1, 2021** and should carefully consider the arguments raised by Defendant's motion. Plaintiff is advised that ***the failure to do the following will result in dismissal of this action with prejudice***: (1) the failure to file an amended complaint by March 1, 2021; or (2) the failure to file an amended complaint in accordance with Rules 8(a) and 10(b).

**IT IS SO ORDERED**.